**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| M& I Marshall & Ilsley Bank, | ) | No. CV-10-1657-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Jay Neal Wright, II, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) ) | |

We have before us defendant First American Title Company's ("FATCO") motion for summary judgment (doc. 71), plaintiff's amended response (doc. 83-2), and defendant's reply (doc. 81). We also have plaintiff's motion for leave to file a second amended complaint (doc. 74), defendant FACTO's response (doc. 75), and plaintiff's reply (doc. 78), as well as plaintiff's unopposed motion to amend its response and statement of facts in opposition to defendant's motion for summary judgment (doc. 83).

**I**

Plaintiff moves for leave to amend its response and statement of facts in opposition to defendant FATCO's motion for summary judgment (doc. 83). Plaintiff seeks to correct its failure to comply with LRCiv 56.1(b). We grant this unopposed motion.

**II**

Plaintiff purportedly loaned Cheryl Davis $171,000, which she purportedly used to

1  purchase property for $190,000. In connection with the loan, plaintiff purchased a title

2  insurance policy from defendant FATCO, which covers loss or damage sustained or incurred

3  by the insured by reason of "the invalidity or unenforceability of the lien of the insured

4  mortgage upon the title." Response, ex. 1, "Policy of Title Insurance" at 4 (doc. 79-2).

5  FATCO also issued a closing protection letter. Plaintiff received total loan payments of

6  $7,426.89 until March, 2008, when the payments stopped. The note and deed of trust used

7  to obtain the loan were actually forged, and not signed by Davis, and plaintiff subsequently

8  discovered that Davis had not authorized the purchase of the property. On January 2, 2009,

9  plaintiff recorded a Notice of Trustee Sale, and on June 9, 2009, plaintiff obtained title

10  through a credit bid at the trustee sale. In July, 2009, plaintiff brought a deficiency action

11  against Davis, but voluntarily dismissed the action in June, 2010. On October 21, 2009,

12  plaintiff notified FATCO that it believed it had a claim for defect in the title based on fraud

13  and forgery. FATCO has not paid plaintiff's claim. On November 17, 2009, plaintiff sold

14  the property for $22,920.67, resulting in a total loss of $140,652.44, plus expenses.

15  Plaintiff asserts four causes of action against defendant FATCO: (1) a declaration that

16  plaintiff's policy with FATCO insures its interest under the commitment letter and policy,

17  pursuant to 28 U.S.C. § 2201; (2) breach of written contract; (3) breach of the covenant of

18  good faith and fair dealing; and (4) breach of obligation under the closing protection letter.[1]

19  FATCO moves to dismiss on the grounds that: (1) plaintiff has no damages recoverable

20  under the policy; (2) plaintiff waived its claim that the deed of trust is invalid; (3) plaintiff

21  did not timely bring a deficiency action as required by A.R.S. § 33-814(D); and (4) the

22  proceeds of the trustee sale are deemed to have fully satisfied the obligation.

**A**

24  FATCO argues that plaintiff's claims are for noncompensable deficiency damages.

25  A deficiency action includes any claim for the deficiency amount from "any person directly,

---

[1] Plaintiff asserts the cause of action under the closing protection letter in its amended
complaint. See Second Amended Complaint at 17 (doc. 74-1).

1  indirectly or contingently liable on the contract for which the trust deed was given as security

2  including any guarantor of or surety for the contract and any partner of a trustor or other

3  obligor which is a partnership." A.R.S. § 33-814(A). A deficiency judgment is for the

4  amount owed on the date of the sale minus either the fair market value of the property or the

5  sale price, whichever is higher. Id.

6  　　　FATCO argues that plaintiff's claims against it are for its deficiency from the property

7  sale, and the title policy does not cover deficiency damages. According to defendant,

8  because there was no competing interest in the title and plaintiff was able to successfully

9  claim title to the property, plaintiff has no damages compensable under the policy. Plaintiff

10  contends that as a result of the forgery, the lien was void, and therefore plaintiff's action is

11  not for a deficiency because there was no mortgage, and therefore no deficiency. See

12  Arizona Central Credit Union v. Holden, 6 Ariz. App. 310, 313, 432 P.2d 276, 279 (1967)

13  ("The effect of this conclusion is that the subsequent mortgage and notes, upon which the

14  defendant's name was forged, were totally void and therefore precluded the plaintiff's action

15  in this case."). Plaintiff notes that the amount of the deficiency would be $150,487.64, the

16  $183,666.85 still owed on the loan, less the credit bid of $33,179.21. In contrast, plaintiff's

17  claim for $140,652.44 is for its actual losses resulting from the invalidity of the lien, as

18  determined by the value of the loan less the amount it received from the mortgage payments

19  and the property sale.

20  　　　We agree that plaintiff's claims against FATCO arise out of the invalidity of the lien,

21  and are not for a deficiency judgment. The title insurance policy covers losses caused by the

22  "the invalidity or unenforceability of the lien of the insured mortgage upon the title." Policy

23  of Title Insurance at 4. Had the lien been valid, plaintiff might have collected all the money

24  it was owed, and not suffered any damages. However, the lien was not enforceable against

25  any party because it was obtained through forgery. Having made a loan for $171,000 and

26  lacking a valid note, plaintiff's recourse was to sell the property for as much as it could,

27  which resulted in a loss. We disagree with FATCO's assertion that because plaintiff claimed

28  title to the property, it suffered no compensable damages. Plaintiff's ability to foreclose on

1 the property does not mean it suffered no damages due to the invalidity of the lien. We reject

2 the contention that the only compensable losses that could be caused by the invalidity of the

3 lien would arise out of competing title claims and that any other losses are uninsured

4 deficiency damages. A lien could be unenforceable due to competing title claims, or due to

5 a problem with the loan documents, such as forgery. The insurance policy does not limit its

6 applicability to the former by explicitly excluding the later. As a direct result of the

7 invalidity of the lien, plaintiff suffered damages, and the policy plainly covers such losses.

8 It is not relevant that these damages are approximately equal to those that could be sought

9 in a deficiency action. We conclude that plaintiff's claims against defendant FATCO are for

10 insured losses related to the invalidity of the lien, not for deficiency damages. They may be

11 compensable under the title insurance policy.

**B**

13 FATCO argues that by certifying that the trustee sale was in compliance with all

14 statutory requirements, and then foreclosing on the property and selling it, plaintiff waived

15 any argument that the deed of trust was invalid. Motion at 3. FATCO notes that when

16 plaintiff recorded the Notice of Trustee's Sale on January 2, 2009, and when it certified the

17 Trustee Deed upon Sale, it asserted that the sale was in compliance with the trust sale

18 statutes, A.R.S. § 33-801 *et seq*. FATCO argues that if plaintiff wanted to maintain that the

19 lien was invalid or unenforceable, it should not have performed the trustee's sale, obtained

20 title, and sold the property. According to defendant, if plaintiff had notified FATCO before

21 the trustee sale, FATCO could have pursued a judicial foreclosure of a constructive or

22 equitable lien, but that now it has waived the right to assert invalidity. Plaintiff argues that

23 it did not intend to waive its rights under the policy when it foreclosed on the property, but

24 rather to mitigate its damages.

25 We cannot conclude that as a matter of law, plaintiff waived its claim under the

26 insurance policy. "A waiver is a voluntary and intentional relinquishment of a known right,

27 or such conduct as warrants an inference of the relinquishment of such right. . . . Where a

28 waiver is not express but must be inferred from conduct, it is essentially a matter of

1   intention." <u>Southwest Cotton Co. v. Valley Bank</u>, 26 Ariz. 559, 563, 227 P. 986, 988 (1924).

2   Where reasonable minds may differ about whether the conduct evidences intent, waiver is

3   an issue of fact. <u>Id.</u> Plaintiff attempted to bring a deficiency action against Davis. When

4   that failed because the lien was void, plaintiff sought to reduce its damages by foreclosing

5   on the property and selling it. The question of whether plaintiff improperly certified that the

6   sale was in compliance with state requirements is not before us. Plainitff's attempt to recoup

7   its losses does not demonstrate intent to waive its claims under the title policy, but instead

8   may have been a good faith effort to mitigate to the extent possible. Reasonable minds could

9   differ as to whether this conduct evidences intent to waive its claims under the policy, and

10  therefore FATCO is not entitled to summary judgment on the issue of waiver.

11                                                          **C**

12          FATCO also argues that because plaintiff's claim is a deficiency action, it is not

13  timely under Arizona's antideficiency statute, which requires that an action to recover a

14  deficiency judgment must be maintained within ninety days of the property sale. A.R.S. §

15  33-814(A). The statute prevents the recovery of a deficiency in "any action" if no action is

16  maintained within ninety days. However, as explained above, plaintiff's claim is not for a

17  deficiency, but for the losses caused by the invalidity of the lien. Because plaintiff's claim

18  is not a deficiency action, the statutory bar is not applicable.[2]

19                                                          **D**

20          FATCO contends that because plaintiff did not bring a timely deficiency action, its

21  full credit bid precludes any recovery. Pursuant to A.R.S. § 33-814 (D), if no deficiency

22  action is timely maintained, "the proceeds of the sale, regardless of amount, shall be deemed

23  to be in full satisfaction of the obligation and no right to recover a deficiency in any action

24  shall exist."

25          We conclude that while the antideficiency statute would prevent plaintiff from seeking

26

27          [2] We need not reach plaintiff's argument that the deficiency action that it brought
    against Davis and then voluntarily dismissed satisfies the statutory requirement that it
28  "maintain" a deficiency action.

1　a deficiency judgment against any party, it does not preclude an action for recovery of

2　insured losses caused by the invalidity of a lien.  The precedent on which defendant relies

3　is distinguishable.  In <u>Universal Mortg. Co., Inc. v. Prudential Ins. Co.</u>, 799 F.2d 458, 461

4　(9th Cir. 1986), the United States Court of Appeals for the Ninth Circuit concluded that

5　under California law, a mortgagee's full credit bid at a foreclosure sale precluded recovery

6　by the mortgagee under a fire and casualty insurance policy because the bid extinguished the

7　secured debt.  <u>See also</u> <u>333 W. Thomas Med. Bldg. Enters v. Soetantyo</u>, 976 F. Supp. 1298,

8　1301 (D. Ariz. 1995) (<u>aff'd</u> <u>333 W. Thomas Med. Bldg. Enters v. Soetantyo</u>, 111 F.3d 138

9　(9th Cir. 1997)) ("Because Plaintiff tendered a full-credit bid, Plaintiff cannot establish

10　damages necessary to maintain a waste action.").  But casualty insurance and the title

11　insurance policy at issue here are not the same.  One is related to problems with the property

12　itself, while another specifically addresses the mortgagee's lien.  For purposes of this motion,

13　we may assume that in Arizona, as in California, upon the entry of a full-credit bid, "the

14　mortgagee no longer has any interest in insurance on the property." <u>Altus Bank v. State Farm</u>

15　<u>Fire and Cas. Co.</u>, 979 F.2d 854, *2 (9th Cir. 1992).  It does not then follow that a mortgagee

16　may not be compensated for the damages it incurred as a result of the invalidity of the lien.

17　While it may make sense that a full credit bid should extinguish any right to demand further

18　compensation related to the value of the property, losses arising from the unenforceability

19　of the lien are separate, and may be resolved independently.

20　**III**

21　　　Plaintiff moves for leave to amend its complaint to add a cause of action for liability

22　under the closing protection letter and to remove Cheryl Davis as defendant, whom we

23　previously dismissed pursuant to plaintiff's motion (doc. 74).  <u>See</u> <u>Order of February 22,</u>

24　<u>2011</u> (doc. 70). Defendant FATCO opposes the motion on grounds of futility.  It argues that

25　because plaintiff's debt was deemed satisfied, it cannot recover damages under the title

26　policy or closing protection letter.  <u>See</u> <u>Response</u> at 1 (doc. 75).  In the closing protection

27　letter, FATCO agreed to reimburse plaintiff for losses incurred in connection with the closing

28　as a result of the issuing agent's failure to comply with the closing instructions or the agent's

1  fraud or dishonesty.  See Complaint, ex. 5, "Closing Protection Letter" at 2–3 (doc. 1-5).  As

2  we have determined, plaintiff's full credit bid does not preclude claims related to problems

3  with the lien.  Therefore, plaintiff's claim under the closing protection letter is not futile.

4        FATCO alternatively requests that its motion for summary judgment be applied to

5  plaintiff's amended complaint.  Accordingly, we have considered the motion for summary

6  judgment as applied to the second amended complaint.

7                                             **IV**

8        **IT IS ORDERED DENYING** defendant First American Title Company's motion for

9  summary judgment (doc. 71).

10       **IT IS ORDERED GRANTING** plaintiff's motion for leave to file a second amended

11 complaint (doc. 74).

12       **IT IS FURTHER ORDERED GRANTING** plaintiff's motion for leave to file an

13 amended response and statement of facts (doc. 83).

14       DATED this 13th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge